UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x          **COMPLAINT**
ALEX BLOISE
                                        Plaintiff,

                                                                    **JURY TRIAL DEMANDED**

            -against-

THE CITY OF NEW YORK,
DETECTIVE ISAAC NGMONTALVO SHIELD # 2168,
DETECTIVE MARK WORTHINGTON,
DETECTIVE COLON,
and UNIDENTIFIED MEMBERS OF THE NYPD,

                                        Defendants.
-------------------------------------------------------------x

            Plaintiff Alex Bloise, by his attorneys, the Law Office of Fred Lichtmacher P.C.,

complaining of the Defendants herein, respectfully alleges as follows:

            This civil rights action arises from Alex Bloise having been subjected to a malicious

prosecution and the denial of a fair trial through the intentional actions and inactions of the

Defendants.

## JURISDICTION AND VENUE

1.       Jurisdiction is founded upon the existence of a Federal Question.

2.       This is an action to redress the deprivation under color of statute, ordinance, regulation,

            custom, or usage of rights, privileges, and immunities secured to Plaintiff by the Fourth

            Amendment and the due process clause of the Fourteenth Amendment to the Constitution

            of the United States brought pursuant to 42 U.S.C. § 1983 as well as pursuant to the

            common law of the State of New York pursuant to 28 U.S.C. 1367.

3.       Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343(3 & 4).

4.       Venue is appropriate pursuant to 28 U.S.C. §1391 (a) (1) (b) (1&2) due to events forming

the basis of this Complaint having occurred within New York County.

5.    Plaintiff's New York State common law claim for malicious prosecution is properly before this Court pursuant to 28 U.S.C. §1367.

**PARTIES**

6.    Plaintiff Alex Bloise was born in the Dominican Republic and he is a legal resident of the United States, living in New York City, in the County and State of New York.

7.    Upon information and belief, at all times hereinafter mentioned, Defendant the City of New York (hereinafter, "NYC") was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.    Upon information and belief, at all times hereinafter mentioned, Defendant NYC, its agents, servants and employees operated, maintained and controlled the New York City Police Department, hereinafter, the "NYPD".

9.    At all times hereinafter mentioned, Defendant Detective Isaac Ngmontalvo NYPD detective assigned to the 34th precinct was acting as a state actor acting under color of law, and is sued herein in his individual capacity.

10.   Upon information and belief, at all times hereinafter mentioned, Defendant Detective Mark Worthington, an NYPD detective assigned to the Manhattan North Homicide Squad was acting as a state actor acting under color of law, and is sued herein in his individual capacity.

11.   Upon information and belief, at all times hereinafter mentioned, Defendant Detective Colon, was acting as an NYPD detective and as a state actor acting under color of law, and is sued herein in his individual capacity.

## CONDITIONS PRECEDENT

12.  On February 23, 2023 Plaintiff filed a Petition in the New York County Supreme Court to allow him to file a late Notice of Claim.

13.  On March 22, 2023 Plaintiff's Petition was granted and the Notice of Claim was deemed timely filed *nunc pro tunc*.

14.  On March 28, 2023 a Notice of Entry of Order with the Order on the Petition was served on the City of New York.

15.  The Notice of Claim was in writing and sworn to by the Plaintiff, and contained the name and post office address where correspondence can be received by the Plaintiff and by Plaintiff's attorney.

16.  The Notice of Claim set out the nature of the claims, the time when, the place where and manner by which the claim arose, and damages and injuries claimed to have been sustained.

17.  To date, no hearing pursuant to 50-h Hearing has been scheduled or conducted.

18.  More than thirty days have elapsed since the Notice of Claim was deemed timely filed and adjustment or payment thereof has been neglected or refused.

19.  This action is commenced within one year and ninety days after the Plaintiff's state cause of action became ripe and within three years of when Plaintiff's federal causes of action arose.

20.  Defendant City of New York is vicariously liable to the Plaintiff for the individual Defendant's common law tort via the principle of *respondeat superior*.

21.  New York CPLR § 1601 does not apply pursuant to the exception provided by CPLR § 1602(1)(b).

## NATURE OF CLAIM

22.     A murder was committed on August 3, 2011 shortly after midnight in the vicinity of 200·

Dyckman Street in New York County.

23.     The Defendants, without reliable evidence, arrested the Plaintiff.

24.     In an apparent rush to close the case without doing the requisite investigation, Defendants

intentionally failed to obtain the names of witnesses on the scene who were identifiable and

who stayed on the scene well after the murder was committed.

25.     The Defendants sought to justify making no attempt to speak with most of witnesses on the

scene alleging that witnesses do not "hang around" a crime scene after a murder; when the

sparse video evidence preserved shows that the potential witnesses did in fact stay on the

scene of the murder.

26.     There was no attempt to check the videos from most of the businesses that line Dyckman Street,

businesses such as the 24-hour McDonald's, steps from the shooting.

27.     The Defendants intentionally failed to preserve most of the video evidence which was readily

available to them and which they knew would be destroyed when they failed to act in a

timely manner.

28.     A female witness who was present near the murder was shown a photo array and did not pick

Mr. Bloise as the shooter.

29.     That female witness informed the Defendants that the person she saw commit the murder had

skin like hers, dark, and a white T-shirt with something on it.

30.     In stark contrast Mr. Bloise is not darkly complected and he is on video from that date not

wearing a white T-shirt but a tie dye blue/white colorful shirt, with designs on the front and

the shirt unlike the T-shirt the murderer wore, had sleeves.

31.   Only a repeat felon drug dealer alleged Mr. Bloise was the shooter.

32.   The drug dealer gave no description to law enforcement of the shooter, what he looks like, the style of his hair, his height, his skin tone, the clothing he was wearing and he did not provide any description of Mr. Bloise.

33.   Furthermore, none of the Defendants asked the drug dealer for the shooter's description, what he looks like, the style of his hair, his skin tone, the clothing he was wearing or any description of the shooter at all.

34.   To bolster the false claim against Mr. Bloise the Defendants alleged that Mr. Bloise was beaten up earlier in the day by the drug dealer, and that Mr. Bloise came back aiming a gun at his beater to seek revenge but shot someone else.

35.   However, none of the videos that were preserved, show that Mr. Bloise was one of the several people beaten up by the drug dealer earlier that day.

36.   The Defendants actions and inactions were performed in an effort to quickly close a murder investigation, and they chose to do so by not preserving evidence and by coercing a man to give a fictitious confession who was not guilty of the charges alleged, a man who is cognitively challenged and who is not capable of defending himself against officers determined to have him confess, in spite of his innocence.

37.   With no reliable information indicating Mr. Bloise was involved, with video readily available most of which was allowed to be destroyed, and with a reliable witness on the scene not identifying Mr. Bloise as the murderer, nevertheless, members of the NYPD arrested Mr. Bloise on November 23, 2011 at approximately midnight as he returned from a trip to visit his father in the Dominican Republic.

-5-

38.   Mr. Bloise is a cognitively challenged individual who does not read or speak English well and he is close to illiterate even in his mother tongue which is Spanish.

39.   Mr. Bloise was placed in handcuffs and shackles and driven to the 34th precinct detective squad.

40.   At the 34th Precinct Mr. Bloise was placed in a cell.

41.   Mr. Bloise was taken in and out of that cell on and off for 20 hours without an opportunity to sleep.

42.   Mr. Bloise was interrogated, upon information and belief for approximately 18 of those hours by the Defendant Detective Isaac Ngmontalvo with the assistance of Defendants Detectives Mark Worthington and Colon as well as Unidentified members of the NYPD.

43.   Mr. Bloise was shown videos and  photographs of a man who had just been killed.

44.   Defendants gave Mr. Bloise details of the crime, told him lies, and made him promises until he was ready to give the false coerced confession they had prepared him to give.

45.   Mr. Bloise was told that he would receive a life sentence based on the evidence the Defendants had if he did not confess, but that if he confessed he would do only five years in jail.

46.   After he was properly "prepared" the assistant district attorney showed up and the video camera was turned to preserve the coerced false confession.

47.   In one part of the coerced confession Plaintiff stated that he was "beat up" something that did not happen.

48.   The falsified fact that he was "beat up" was used against the Plaintiff as a motive for a shooting he did not commit.

49.  Mr. Bloise was led to believe that he would receive a reduced sentence of five years instead of life in prison, which he was told would be his sentence if he did not confess, that he could be admitted to the marines after his release, that he would be able to obtain his GED in jail and that he would not be deported; all false promises and threats to coerce a cognitively challenged man to confess to crimes he did not commit.

50.  The key witness for the prosecution was a gang member who has multiple criminal convictions and arrests as well as felony charges of identity theft, grand theft, burglary and he was known to the Defendants as a career criminal.

51.  That gang member testified that Bloise was the murderer although the detectives knew his statement was contradicted by the videos, which the members of the NYPD had, as well as by the reliable witness, who was very close to the shooting and who is not a criminal.

52.  Mr. Bloise was tried two times.

53.  On the first occasion he was convicted and the conviction was reversed due to trial court error regarding an erroneous Batson decision.

54.  At the retrial, after Mr. Bloise had spent 10 years and 10 months incarcerated, on August 18, 2022 after a short time deliberating, the jury acquitted Mr. Bloise and he was released.

55.  Detective Isaac Ngmontalvo with the help of Detectives Worthington, Colon and Unidentified members of the NYPD coerced the false confession and Detective Isaac Ngmontalvo generated documents and information which were forwarded to the District Attorney, causing the commencement of the prosecution of Mr. Bloise in spite of their knowledge there was no evidence Mr. Bloise was guilty of the crimes alleged.

56.  At all times relevant the officers who caused Mr. Bloise to be prosecuted on the false

charges, were employed by the NYPD and were working within the scope of their

employment when they caused Plaintiff to be falsely charged with the following crimes:

PL 125.25 01 AF Murder: Intention;

PL 125.25 02 AF Murder: Depraved Indifference;

PL 265.03 CF CPW-2nd: Loaded Firearm; and

PL 265.03 03 CF CPW-2nd: Loaded Firearm.

**AS AND FOR A FIRST CAUSE OF ACTION**
**VIOLATION OF THE PLAINTIFF'S RIGHTS PURSUANT TO**
**42 U.S.C. § 1983 AND THE FOURTH AMENDMENT VIA**
**MALICIOUS PROSECUTION AGAINST DEFENDANTS**
**DETECTIVES NGMONTALVO, DETECTIVE WORTHINGTON,**
**DETECTIVE COLON, and UNIDENTIFIED MEMBERS OF THE NYPD**

57.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior

paragraphs with the same force and effect as is more fully and at length set forth herein.

58.     Plaintiff's rights have been violated under the Fourth Amendment of the United States

Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42

U.S.C. § 1983, in that Plaintiff was unlawfully subjected to a malicious prosecution by the

Defendants Detectives Ngmontalvo, Detective Mark Worthington, Detective Colon, and

Unidentified Members of the NYPD.

59.     The Defendants alone caused a criminal action to be commenced against Mr. Bloise, the type

of termination of the criminal proceeding is such to allow him to proceed with his malicious

prosecution claim, the prosecution was initiated with a lack of probable cause, and the

proceedings were initiated with actual malice.

60.     As a result of the Defendants' illegal actions, Mr. Bloise spent close to eleven years

incarcerated, he was denied the opportunity to be with his family, he was pecuniarily harmed,
and he was otherwise harmed.

61.    By reason of the aforesaid, the Plaintiff has been damaged in an a sum of not less than
ELEVEN MILLION ($11,000,000.00) DOLLARS; Plaintiff is entitled to an award of
punitive damages; and an award of attorneys' fees is appropriate pursuant to 42 U.S.C.
§1988.

**AS AND FOR A SECOND CAUSE OF ACTION
VIOLATION OF THE DUE PROCESS CLAUSE OF
THE FOURTEENTH AMENDMENT i.e., DENIAL OF
A FAIR TRIAL DUE TO THE ACTIONS
AND INACTIONS OF THE
INDIVIDUAL DEFENDANTS'**

62.    Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior
paragraphs with the same force and effect as is more fully and at length set forth herein.

63.    Plaintiff's rights have been violated pursuant to the due process clause of the Fourteenth
Amendment via the individual Defendants' who coerced the cognitively challenged Plaintiff
into making a false confession, who intentionally failed to preserve video evidence and who
intentionally failed to interview witnesses from the scene and the resulting loss of potentially
exculpatory evidence is attributable to the Defendants rush to the injustice aimed at effecting
the conviction of an innocent man.

64.    As a result of the Defendants' illegal actions, Mr. Bloise spent close to eleven years
incarcerated, he was denied the opportunity to be with his family, he was pecuniarily harmed,
and he was otherwise harmed.

65.    By reason of the aforesaid, the Plaintiff has been damaged in an a sum of not less than

ELEVEN MILLION ($11,000,000.00) DOLLARS; Plaintiff is entitled to an award of punitive damages; and an award of attorneys' fees is appropriate pursuant to 42 U.S.C. §1988.

**AS AND FOR A THIRD CAUSE OF ACTION**
**VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS**
**VIA THE INDIVIDUAL DEFENDANTS' FAILURE TO INTERVENE**

66.   Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

67.   Plaintiff's rights have been violated via a malicious prosecution and the denial of a fair trial by the Defendants who failed to intervene to prevent their colleagues from committing the constitutional violations committed in their presence.

68.   Law enforcement officials have an affirmative duty to intercede on the behalf of a citizen whose constitutional rights are being violated in [their] presence by other officers, and by the Defendants in this matter failing to intervene Plaintiff's rights were violated.

69.   As a result of the Defendants' illegal actions, Mr. Bloise spent close to eleven years incarcerated, he was denied the opportunity to be with his family, he was pecuniarily harmed, and he was otherwise harmed.

70.   By reason of the aforesaid, the Plaintiff has been damaged in an a sum of not less than ELEVEN MILLION ($11,000,000.00) DOLLARS; Plaintiff is entitled to an award of punitive damages; and an award of attorneys' fees is appropriate pursuant to 42 U.S.C. §1988.

**AS AND FOR A FOURTH CAUSE OF ACTION**
**VIOLATION OF THE PLAINTIFF'S RIGHTS PURSUANT TO**
**THE COMMON LAW OF THE STATE OF NEW YORK**

-10-

**MALICIOUS PROSECUTION AGAINST DEFENDANT NYC**

71.   Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

72.   Plaintiff's rights have been violated under the common law of the State of New York in that Plaintiff was unlawfully subjected to a malicious prosecution by NYC employees working for the NYPD.

73.   NYC is vicariously liable for the common law torts of members of the NYPD while working in their capacity as police officers.

74.   The officers of the NYPD alone caused a criminal action to be commenced against Mr. Bloise, the termination of the criminal proceeding is such to allow him to proceed with his malicious prosecution claim, the prosecution was initiated with a lack of probable cause, and the proceedings were initiated with actual malice.

75.   As a result of the Defendants' illegal actions, Mr. Bloise spent close to eleven years incarcerated, he was denied the opportunity to be with his family, he was pecuniarily harmed, and he was otherwise harmed.

76.   By reason of the aforesaid, the Plaintiff has been damaged in an a sum of not less than ELEVEN MILLION ($11,000,000.00) DOLLARS

**WHEREFORE**, Plaintiff demands judgment against the Defendants and each of them, as follows:

1. Declaratory relief finding that Plaintiff's rights under the United States Constitution and the common law of the State of New York were violated;

2. Compensatory damages to Plaintiff in an amount to be determined at trial

in the sum of not less than ELEVEN MILLION ($11,000,000.00) DOLLARS;

3. By reason of the wanton, willful and malicious character of the conduct complained of

herein, punitive damages against the individual Defendants in Plaintiff's federal claims of

action in amounts against each Defendant to be determined by the trier of fact;

4. An award to Plaintiff of the costs and disbursements herein;

5. An award of attorneys' fees under 42 U.S.C. §1988; and

6. A trial by jury of all issues set forth in this complaint; and such other and further relief as

this Court may deem just and proper under the circumstances.

Dated: New York, New York
        June 10, 2023

                                        /s/
                            _____
                            FRED LICHTMACHER FL-5341
                            The Law Office of Fred Lichtmacher P.C.
                            Attorney for Plaintiff
                            Alex Bloise
                            116 West 23rd Street Suite 500
                            New York, New York 10011
                            (212) 922-9066
                            empirestatt@aol.com

The City of New York
100 Church Street
New York, New York 10007

Detective Isaac Ngmontalvo Shield # 2168, retired formerly of the 34th precinct
Detective Mark Worthington Manhattan North Homicide Squad, and
Detective Colon